1  Jack Silver, Esq. SBN #160575
   Law Office of Jack Silver
2  Post Office Box 5469
   Santa Rosa, CA 95402-5469
3  Tel.   (707) 528-8175
   Fax.   (707) 528-8675
4  lhm28843@sbcglobal.net

5  Attorneys for Plaintiff
   NORTHERN CALIFORNIA RIVER WATCH
6

7                  UNITED STATES DISTRICT COURT

8                  NORTHERN DISTRICT OF CALIFORNIA

9

10 NORTHERN CALIFORNIA RIVER          CASE NO.  C08-01613 BZ
   WATCH, a non-profit corporation,
11                                    **PLAINTIFF'S SEPARATE CASE**
                 Plaintiff,           **MANAGEMENT STATEMENT**
12      v.

13 BAY AREA DIABLO PETROLEUM          Date:       July 7, 2008
   COMPANY dba GOLDEN GATE            Time:       4:00 p.m.
14 PETROLEUM COMPANY and DOES         Ctrm:       G, 15th Floor
   1-10, Inclusive,                   Judge:      Hon. Bernard Zimmerman
15
                 Defendants
16 _____/

17

18      Pursuant to Rule 16 of the Federal Rules of Civil Procedure, U.S. District Court, Northern

19  District, Local Rules 16-9 and 16-10, and this Court's Standing Order effective March 1, 2007, Plaintiff

20 NORTHERN CALIFORNIA RIVER WATCH submits this separate Case Management Statement and

21 requests that the Court adopt it as its Case Management Order.

22                  **I.  JURISDICTION AND SERVICE**

23      Plaintiff alleges that this Court has subject matter jurisdiction over all federal causes of action

24 cited in its Complaint pursuant to the Resource Conservation and Recovery Act  ("RCRA") Section

25 7002(a) and 7002(b), 42 U.S.C. § 6972 (a) and § 6972(b) and 28 U.S.C. § 1221.  Inasmuch as the events

26 enumerated in the Complaint have taken place in the Northern District of California, Plaintiff alleges

27 that venue is properly placed in this Court.

28

1   Defendant BAY AREA DIABLO PETROLEUM COMPANY dba GOLDEN GATE

2   PETROLEUM COMPANY has been served with the Complaint, but has not made an appearance in this

3   action to date, and to Plaintiff's knowledge is currently unrepresented. (See Plaintiff's Declaration of

4   Hardship filed simultaneously).

5                                       **II.  FACTS**

6   1. ALLEGATIONS OF THE COMPLAINT

7        Plaintiff alleges Defendant has violated various provisions of the RCRA and regulations adopted

8   pursuant to the RCRA, as well as a number of California statutes which supplement the environmental

9   protections implemented by the provisions of the RCRA. Plaintiff claims these violations have occurred

10  at Defendant's former underground storage tank ("UST") site located at 3575 Pacheco Boulevard in

11  Martinez, California, as well as at the Brentwood Cardlock UST site, located at 8285 Brentwood

12  Boulevard, Brentwood, California (hereafter "the Facilities").

13       Plaintiff served Defendant with a Notice of Violations and Intent to File Suit under the Resource

14  Conservation and Recovery Act on or about November 1, 2007, and filed the initial Complaint in this

15  action on March 25, 2008. Plaintiff alleges that petroleum contamination was detected beneath the

16  Facilities in approximately 1992 and again in 2004 (Martinez site), and in 1996 (Brentwood site) as the

17  result of leaks in the USTs, piping systems, and/or surface spills. Plaintiff alleges such contamination

18  violates regulations that have become effective pursuant to the RCRA, and that such contamination

19  includes known carcinogens and/or reproductive toxins, either of which pose a risk of imminent and

20  substantial endangerment to human health and/or to the environment. Plaintiff acknowledges that some

21  remediation work may have occurred at the Facilities under the direction of local and state regulatory

22  agencies, but it is unsatisfied with the nature and extent of the investigation and/or remediation.

23       Plaintiff requests a declaration that Defendant whether through its operations, leasing

24  arrangements, or ownership of the Facilities or the real estate on which the Facilities are situated, has

25  violated the RCRA, and seeks civil penalties, fees and costs, and various injunctive relief or orders

26  requiring Defendant to conduct further investigations, remediate the Facilities without further delays,

27  and refrain from any additional discharges of petroleum products and constituents at the Facilities.

28

### III.  FACTUAL AND LEGAL ISSUES IN DISPUTE

a.   Plaintiff claims Defendant's actions and practices at the Facilities constitute ongoing violations of the RCRA.

b.   Plaintiff alleges the Facilities present an imminent and substantial harm to public health and/or the environment.

c.   Plaintiff claims Defendant has been entirely unsuccessful in abating contamination at the Facilities.

d.   Plaintiff claims its members have been, are being, or will be injured by Defendant's violations of the RCRA as alleged in Plaintiff's Complaint.  .

### IV.  MOTIONS

There are no motions are pending.  Plaintiff anticipates filing a Motion for Summary Judgment, and filing of a Motion for Default Judgment in the event Defendant does not appear at the Case Management Conference.

### V.  AMENDMENT OF PLEADINGS

Plaintiff does not anticipate adding any parties or claims in this action at this time.

### VI.  DISCLOSURES

Defendant has not yet appeared and no Initial Disclosures pursuant to FRCP Rule 26(a) have been exchanged.

### VII.  DISCOVERY

Plaintiff proposes to the Court that all pretrial discovery and other pretrial proceedings, including initial disclosures and pretrial motions of any sort, be stayed, pending appearance by Defendant and/or Plaintiff's Request for Default and Motion for Default Judgment.

Plaintiff proposes the following discovery plan:

Each side will submit no more than fifty (50)  interrogatories.  The last day to exchange expert disclosure and expert witness reports shall be May 11, 2009, and the last day to exchange expert rebuttal witness reports shall be July 6, 2009.  Expert witness discovery shall be completed by September 7, 2009.

## VIII.  RELATED CASES

There are no related cases or proceedings pending before another judge of this Court, or before another court or administrative body.

## IX.  RELIEF SOUGHT

1.  DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff requests this Court enjoin Defendant from violating the RCRA and/or the regulations pursuant to this statutory scheme.  Plaintiff further requests injunctive relief requiring that Defendant:

a.    be enjoined from further discharging at the Facilities;

b.    investigate and determine the extent of the alleged pollution and contamination at the Facilities and the means to remediate the alleged contamination; and,

c.    fully remediate the ongoing contamination at the Facilities using the best available technology once adequately characterized and delineated.

2.  CIVIL PENALTIES

Plaintiff requests the Court assess civil penalties against Defendant pursuant to the penalty provisions as contained in the RCRA. .

3.  ATTORNEYS' FEES AND COSTS

Plaintiff requests the Court award costs, including reasonable attorney, expert, witness, and consultant fees, as authorized by the RCRA.

## X.  SETTLEMENT AND ADR

Plaintiff has filed its ADR Certification.   The parties have not as yet discussed the resolution of this matter, ADR options and plans.

## XI.  CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

Plaintiff agrees to a magistrate judge for all purposes except trial.

## XII.  OTHER REFERENCES

This matter is not suitable for reference to binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

1

## XIII.    EXPEDITED SCHEDULE

2    _____This is not the type of case which can be handled on an expedited basis with streamlined

3    procedures.

4

## XIV.    SCHEDULING

5    LITIGATION DEADLINES (PROPOSED)

6    a. Deadline for joining parties and amending pleadings:        August 1, 2008

7    b. Conclusion of pretrial discovery:        September 7, 2009

8    c. Last day to file summary judgment or dispositive motions:    October 12, 2009

9    d. Pretrial conference:        November 16, 2009

10    e. Trial:        December 14, 2009

11    f. Anticipated length of trial:        3 court days  (if bench trial)

12

## XV.    TRIAL

13        Plaintiff anticipates this case will be tried by the Court, with an expected length of 3 days.

14

## XVI.    DISCLOSURE OF NON-PARTY INTERESTED PERSONS

15        Plaintiff filed its Certificate of Interested Parties under L.R. 3-16 on November 28, 2007.

16

17                                    /s/ Jack Silver

18    DATED: June 30, 2008        _____

19                                    JACK SILVER
                                    Attorney for Plaintiff
20                                    NORTHERN CALIFORNIA RIVER WATCH

21

22

23

24

25

26

27

28

1   Jack Silver, Esq. SBN #160575
Law Office of Jack Silver
2   Post Office Box 5469
Santa Rosa, CA 95402-5469
3   Tel.   (707) 528-8175
Fax.   (707) 528-8675
4   lhm28843@sbcglobal.net

5   Attorneys for Plaintiff
NORTHERN CALIFORNIA RIVER WATCH
6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  NORTHERN CALIFORNIA RIVER              CASE NO. C08-01613 BZ
    WATCH, a non-profit corporation,
12                                         DECLARATION OF JACK SILVER
                  Plaintiff,               RE HARDSHIP
13          v.
                                           Date:      July 7, 2008
14  BAY AREA DIABLO PETROLEUM              Time:      4:00 p.m.
    COMPANY dba GOLDEN GATE                Ctrm:      G, 15th Floor
15  PETROLEUM COMPANY and DOES             Judge:     Hon. Bernard Zimmerman
    1-10, Inclusive,
16
                  Defendants
17  _____/

18        I , Jack Silver, declare as follows:

19  1.      I am the attorney for plaintiff Northern California River Watch in the above-captioned

20  proceedings, and I have personal knowledge of each matter stated herein.

21  2.      The Complaint was filed in this matter on March 25, 2008.  I provided copies of the Summons,

22  Complaint and all associated documents by mail to Dennis O'Keefe, Defendant's Registered Agent as

23  listed with the California Secretary of State, on March 27, 2008 , together with a Waiver of Service of

24  Summons (Exhibit A), pursuant to FRCP Rule 4.  I received no response whatsoever; no executed

25  Waiver of Service was received, and no Answer to the Complaint was filed.  Therefore, on June 3, 2008

26  I requested that Defendant be personally served via certified process server.  Proof of Service was

27  effectuated on June 11, 2008 and filed with this Court on June 12, 2008 (Court Doc 6).

28

1    3.      As of June 20, 2008, there was no communication from Defendant or any attorney representing

2    Defendant, and no Answer to the Complaint had been filed.

3    4.      On June 23, 2008 I prepared a draft Joint Case Management Statement in preparation for the

4    Case Management Conference scheduled for July 7, 2008.   I mailed the same to Dennis O'Keefe,

5    Defendant's President and Registered Agent on that date together with a cover letter requesting that he

6    communicate with me with regard to completing the Joint Case Management Statement, or refer the

7    matter to counsel.(Exhibit B)

8    5.      As of this date, June 30, 2008, I have had absolutely no response from Defendant nor has any

9    attorney on Defendant's behalf been in contact with me.   Therefore, I have filed simultaneously with

10   this Declaration, Plaintiff's Separate Case Management Statement.

11

12          I declare under penalty of perjury under the laws of the State of California that the foregoing is

13   true and correct and that this Declaration is executed on the 30th day of June, at Santa Rosa, California.

14                                          /s/ Jack Silver

15                                          _____

16                                          JACK SILVER

17

18

19

20

21

22

23

24

25

26

27

28

C08-01613 BZ
DECLARATION OF JACK SILVER RE HARDSHIP                                              2

# EXHIBIT A

# Law Office of Jack Silver



P.O. Box 5469          Santa Rosa, California 95402
Phone 707-528-8175    Fax 707-528-8675
lhm28843@sbcglobal.net

March 27, 2008

Dennis O'Keefe,
Registered Agent for Service
Bay Area Diablo Petroleum Co.
501 Shell Avenue
Martinez, California 94553

Re:   <u>Northern California River Watch v. Bay Area Diablo Petroleum dba Golden Gate</u>
<u>Petroleum Company, et al</u>
      U.S.D.C. Case No. C08-01613 BZ

Dear Mr. O'Keefe:

         Please be advised this office represents Northern California River Watch, plaintiff in the
above-captioned action.  Pursuant to Rule 4 of the Federal Rules of Court, I am forwarding to you
as Registered Agent for Defendant Bay Area Diablo Petroleum, the enclosed documents:

         Notice of Lawsuit and Request for Waiver of Service of Summons
         Waiver of Service of Summons (original and copy)
         Summons and Complaint (copies)
         Order Setting Initial Case Management Conference and ADR Deadlines
         Standing Orders of Magistrate Judge Bernard Zimmerman
         Standing Order for all Judges of Northern District of California
         Notice of Assignment of Case to a U.S. Magistrate Judge for Trial
         Consent to Proceed Before a U.S. Magistrate Judge (Blank form)
         Declination to Proceed Before a Magistrate Judge (Blank form)
         ECF Registration Information Handout

         Please date, sign and return the Waiver of Service of Summons to my office in the self-
addressed, stamped envelope which is provided for your use.    Kindly also refer this matter to
counsel.

                                        Sincerely,

                                        Jack Silver

JS:lhm
Enclosures

AO 398 (12/93)

# NOTICE OF LAWSUIT AND REQUEST FOR
# WAIVER OF SERVICE OF SUMMONS

TO:  (A)  Dennis O'Keefe

as  (B)  Registered Agent for Service          of (C)  Bay Area Diablo Petroleum Company

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed.) A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the (D) _____ Northern _____ District of _____ California _____

and has been assigned docket number (E)  C08-01613 BZ                           .

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service In order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F) ____30____ days after the date designated below as the date on which this Notice and Request Is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, It will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days f rom that date if your address is not in any judicial district of the United States.)

If you do not return the signed waiver within the time Indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

I affirm that this request Is being sent to you on behalf of the plaintiff, this  27th  day of     March     ,  2008  .

Signature of Plaintiff's Attorney
Or Unrepresented Plaintiff

A - Name of Individual defendant (or name of officer or agent of corporate defendant)
B - Title, or other relationship of Individual to corporate defendant
C - Name of corporate defendant, If any
D - District
E - Docket number of action
F- Addressee must be given at least 30 days (60 days If located In foreign country) In which to return waiver

AO 399  (Rev. 10/95)

Clear Form

# WAIVER OF SERVICE OF SUMMONS

(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, Bay Area Diablo Petroleum Company _____ ■ , acknowledge receipt of your request

(DEFENDANT NAME)

that I waive service of summons in the action of ‾‾No. Calif. River Watch v Bay Area Diablo Petroleum Co.‾
et al _____ ■ ,

(CAPTION OF ACTION)

which is case number  C08-01613 BZ _____ in the United States District Court

(DOCKET NUMBER)

for the Northern District of California.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an

answer or motion under Rule 12 is not served upon you within 60 days
after                                                    March 27, 2008                    ,

(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

_____        _____
(DATE)                                    (SIGNATURE)

Printed/Typed Name: _____

As _____ of  Bay Area Diablo Petrol. Co.

(TITLE)                          (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint.  A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property.  A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court.  If the answer or motion is not served within this time, a default judgment may be taken against that defendant.  By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

# EXHIBIT B

# Law Office of Jack Silver



P.O. Box 5469       Santa Rosa, California 95402
Phone 707-528-8175    Fax 707-528-8675
lhm28843@sbcglobal.net

*Via Facsimile & U.S. Mail*
*925-957-9589*

June 23, 2008

Dennis O'Keefe, President
Bay Area Diablo Petroleum Company
501 Shell Avenue
Martinez, California 94553

Re:    <u>Northern California River Watch v. Bay Area Diablo Petroleum Company dba Golden
       Gate Petroleum Company, et al</u>
       U.S.D.C. Case No. C08-01613 BZ

Dear Mr. O'Keefe:

As you may be aware from the letter and pleadings provided to you on March 27, 2008, as
Registered Agent for Bay Area Diablo Petroleum Company, as well as the pleadings served upon
Bay Area Diablo Petroleum Company on June 11, 2008, the Court has issued a deadline of June 30,
2008 by which time a Joint Case Management Statement must be filed in the above-captioned
proceedings.

I have attached the outline of a Joint Case Management Statement for your review and
comment, and would request that you provide the same to your attorney, if you have retained one,
without delay.   If you wish to proceed in this matter without counsel,  please advise me as to your
edits and additions to the enclosed document, so that I can prepare a final document for signature
by all parties.

You are welcome to communicate with me by e-mail if you wish. I am happy to provide a
version of the Joint Case Management Statement via e-mail which would be suitable for editing.

I would appreciate your prompt response.

Sincerely,

Jack Silver

JS:lhm
Enclosure

TRANSMISSION VERIFICATION REPORT

```
TIME  : 06/23/2008 10:40
NAME  : LAW OFFICE
FAX   : 7075288675
TEL   : 7075288175
SER.# : 000E5J209471
```

| | |
|---|---|
| DATE,TIME | 06/23  10:38 |
| FAX NO./NAME | 19259579589 |
| DURATION | 00:02:13 |
| PAGE(S) | 08 |
| RESULT | OK |
| MODE | STANDARD |
| | ECM |

# FAX TRANSMISSION

### Law Offices of Jack Silver
### Post Office Box 5469
### Santa Rosa, CA 95402-5469
### Tel. (707) 528-8175
### Fax. (707) 528-8675

| | | | |
|---|---|---|---|
| **To:** | **Dennis O'Keefe, President** <br> **Bay Area Diablo Petroleum** | **Date:** | June 23, 2008 |
| **Fax #:** | (925) 957-9589 | **Pages:** | 8, including this cover sheet. |
| **From:** | Law Offices of Jack Silver | | |

**Subject:** Northern Calif. River Watch v. Bay Area Diablo Petroleum Company dba Golden Gate Petroleum Company, et al
Case No. C08-01613 BZ

### ORIGINAL TO FOLLOW VIA U.S. MAIL

**Message:**

PLEASE SEE ATTACHED.