Jack Silver, Esq. SBN #160575
Law Office of Jack Silver
Post Office Box 5469
Santa Rosa, CA 95402-5469
Tel.   (707) 528-8175
Fax.   (707) 528-8675
lhm28843@sbcglobal.net

Attorneys for Plaintiff
NORTHERN CALIFORNIA RIVER WATCH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHERN CALIFORNIA RIVER WATCH, a non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>BAY AREA DIABLO PETROLEUM COMPANY dba GOLDEN GATE PETROLEUM COMPANY and DOES 1-10, Inclusive,<br><br>Defendants<br>_____/ | CASE NO. C08-01613 BZ<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Date:   July 7, 2008<br>Time:   4:00 p.m.<br>Ctrm:   G, 15th Floor<br>Judge:  Hon. Bernard Zimmerman |

### JOINT CASE MANAGEMENT STATEMENT

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, U.S. District Court, Northern District, Local Rules 16-9 and 16-10, and this Court's Standing Order effective March 1, 2007, Plaintiff NORTHERN CALIFORNIA RIVER WATCH and Defendant BAY AREA DIABLO PETROLEUM COMPANY dba GOLDEN GATE PETROLEUM COMPANY jointly submit this Case Management Statement and Proposed Order, and request that the Court adopt it as its Case Management Order.

### I. JURISDICTION AND SERVICE

Plaintiff alleges that this Court has subject matter jurisdiction over all federal causes of action cited in its Complaint pursuant to the Resource Conservation and Recovery Act ("RCRA") Section 7002(a) and 7002(b), 42 U.S.C. § 6972 (a) and § 6972(b) and 28 U.S.C. § 1221. Inasmuch as the events

enumerated in the Complaint have taken place in the Northern District of California, Plaintiff alleges that venue is properly placed in this Court.

Defendant BAY AREA DIABLO PETROLEUM COMPANY dba GOLDEN GATE PETROLEUM COMPANY has been served with the Complaint, but has not made an appearance in this action to date, and to Plaintiff's knowledge is currently unrepresented.

## II. FACTS

1. ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges Defendant has violated various provisions of the RCRA and regulations adopted pursuant to the RCRA, as well as a number of California statutes which supplement the environmental protections implemented by the provisions of the RCRA. Plaintiff claims these violations have occurred at Defendant's former underground storage tank ("UST") site located at 3575 Pacheco Boulevard in Martinez, California, as well as at the Brentwood Cardlock UST site, located at 8285 Brentwood Boulevard, Brentwood, California (hereafter "the Facilities").

Plaintiff served Defendant with a Notice of Violations and Intent to File Suit under the Resource Conservation and Recovery Act on or about November 1, 2007, and filed the initial Complaint in this action on March 25, 2008. Plaintiff alleges that petroleum contamination was detected beneath the Facilities in approximately 1992 and again in 2004 (Martinez site), and in 1996 (Brentwood site) as the result of leaks in the USTs, piping systems, and/or surface spills. Plaintiff alleges such contamination violates regulations that have become effective pursuant to the RCRA, and that such contamination includes known carcinogens and/or reproductive toxins, either of which pose a risk of imminent and substantial endangerment to human health and/or to the environment. Plaintiff acknowledges that some remediation work may have occurred at the Facilities under the direction of local and state regulatory agencies, but it is unsatisfied with the nature and extent of the investigation and/or remediation.

Plaintiff requests a declaration that Defendant whether through its operations, leasing arrangements, or ownership of the Facilities or the real estate on which the Facilities are situated, has violated the RCRA, and seeks civil penalties, fees and costs, and various injunctive relief or orders requiring Defendant to conduct further investigations, remediate the Facilities without further delays,

1  and refrain from any additional discharges of petroleum products and constituents at the Facilities.

2. DEFENDANT'S DEFENSES TO THE ALLEGATIONS

   a. Defendant takes the position that IT HAS ALREADY MADE A SETTLE-MENT WITH PLAINTIFF AND THAT NO FURTHER "AMBULANCE CHASING" WOULD TAKE PLACE.

### III. FACTUAL AND LEGAL ISSUES IN DISPUTE

Without waiving any rights or arguments as to any legal issues and defenses in this case, the parties submit that the following are some of the legal issues presented:

1. PLAINTIFF

   a. Plaintiff claims Defendant's actions and practices at the Facilities constitute ongoing violations of the RCRA.

   b. Plaintiff alleges the Facilities present an imminent and substantial harm to public health and/or the environment.

   c. Plaintiff claims Defendant has been entirely unsuccessful in abating contamination at the Facilities.

   d. Plaintiff claims its members have been, are being, or will be injured by Defendant's violations of the RCRA as alleged in Plaintiff's Complaint. .

2. DEFENDANT

   a. Defendant takes the position that

## IV. MOTIONS

There are no motions are pending. Plaintiff does not anticipate filing any pre-trial motions.

## V. AMENDMENT OF PLEADINGS

Plaintiff does not anticipate adding any parties or claims in this action at this time.

## VI. DISCLOSURES

The parties agree that Initial Disclosures pursuant to FRCP Rule 26(a) will be exchanged on or before August 30, 2008, if necessary.

## VII. DISCOVERY

The parties agree (and propose to the Court) that all pretrial discovery and other pretrial proceedings, including initial disclosures and pretrial motions of any sort, shall be mutually stayed. Such stay shall expire upon forty-five (45) calendar days after the Meet and Confer which the parties have not as yet scheduled.

The parties agree to the following discovery plan:

Each side will submit no more than fifty (50) interrogatories. The last day to exchange expert disclosure and expert witness reports shall be May 11, 2009, and the last day to exchange expert rebuttal witness reports shall be July 6, 2009. Expert witness discovery shall be completed by September 7, 2009.

## VIII. RELATED CASES

There are no related cases or proceedings pending before another judge of this Court, or before another court or administrative body.

## IX. RELIEF SOUGHT

1. DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff requests this Court enjoin Defendant from violating the RCRA and/or the regulations pursuant to this statutory scheme. Plaintiff further requests injunctive relief requiring that Defendant:

(a) be enjoined from further discharging at the Facilities;

(b) investigate and determine the extent of the alleged pollution and contamination at the Facilities and the means to remediate the alleged contamination; and,

    (c) fully remediate the ongoing contamination at the Facilities using the best available technology once adequately characterized and delineated.

2. <u>CIVIL PENALTIES</u>

    Plaintiff requests the Court assess civil penalties against Defendant pursuant to the penalty provisions as contained in the RCRA. .

3. <u>ATTORNEYS' FEES AND COSTS</u>

    Plaintiff requests the Court award costs, including reasonable attorney, expert, witness, and consultant fees, as authorized by the RCRA.

## X.   SETTLEMENT AND ADR

    The parties have not as yet agreed to discuss the resolution of this matter, ADR options and plans, without the necessity of further litigation. Plaintiff has filed its ADR Certification

## XI.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

    Plaintiff agrees to a magistrate judge for all purposes except trial. Defendant has not yet so consented or opposed.

## XII.   OTHER REFERENCES

    This matter is not suitable for reference to binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

## XIII.   EXPEDITED SCHEDULE

    The parties agree this is not the type of case which can be handled on an expedited basis with streamlined procedures. The parties have agreed to discuss the resolution of this matter with the necessity of further litigation.

## XIV.   SCHEDULING

<u>LITIGATION DEADLINES (PROPOSED)</u>

| | |
|---|---|
| a. Deadline for joining parties and amending pleadings: | August 1, 2008 |
| b. Conclusion of pretrial discovery: | September 7, 2009 |
| c. Last day to file summary judgment or dispositive motions: | October 12, 2009 |
| d. Pretrial conference: | November 16, 2009 |

C08-01613 BZ
JOINT CASE MANAGEMENT STATEMENT [PROPOSED] ORDER     5

e. Trial: December 14, 2009

f. Anticipated length of trial: 3 court days (if bench trial)

### XV. TRIAL

The parties anticipate this case will be tried by the Court, with an expected length of 3 days.

### XVI. DISCLOSURE OF NON-PARTY INTERESTED PERSONS

Plaintiff filed its Certificate of Interested Parties under L.R. 3-16 on November 28, 2007.

DATED: 7/1/08

JACK SILVER
Attorney for Plaintiff
NORTHERN CALIFORNIA RIVER WATCH

DATED: 6/27/08

Attorney for Defendant
BAY AREA/DIABLO PETROLEUM
dba GOLDEN GATE PETROLEUM CO.

### CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order are hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition, the Court orders:

DATED: _____

HON. BERNARD ZIMMERMAN
U.S. DISTRICT COURT JUDGE