Jack Silver, Esq. SBN #160575
Law Office of Jack Silver
Post Office Box 5469
Santa Rosa, CA 95402-5469
Tel.   (707) 528-8175
Fax.   (707) 528-8675
lhm28843@sbcglobal.net

Attorneys for Plaintiff
NORTHERN CALIFORNIA RIVER WATCH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHERN CALIFORNIA RIVER WATCH, a non-profit corporation,<br><br>Plaintiff,<br>v.<br><br>BAY AREA DIABLO PETROLEUM COMPANY dba GOLDEN GATE PETROLEUM COMPANY and DOES 1-10, Inclusive,<br><br>Defendants<br>_____/ | CASE NO. C08-01613 BZ<br><br>**PLAINTIFF'S SEPARATE CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Date:    January 5, 2009<br>Time:   4:00 p.m.<br>Ctrm:   G, 15th Floor<br>Judge:  Hon. Bernard Zimmerman |

## I. STATUS OF THE PLEADINGS

Defendant BAY AREA DIABLO PETROLEUM COMPANY dba GOLDEN GATE PETROLEUM COMPANY ("Bay Area Diablo") has made no appearance in this matter to date and remains in default. However, as of November 13, 2008 Bay Area Diablo has obtained an attorney and is admittedly represented by Mark S. Pollock, Esquire.

Bay Area Diablo has approved the contents of this Case Management Statement but declined to enter into a Joint Case Management Statement at this time. Plaintiff Northern California River Watch ("River Watch") therefore submits this separate further Case Management Statement and Proposed Order.

## II. JURISDICTION AND SERVICE

The parties allege that this Court has subject matter jurisdiction over all federal causes of action cited in its Complaint pursuant to the Resource Conservation and Recovery Act ("RCRA") Section 7002(a) and 7002(b), 42 U.S.C. § 6972 (a) and § 6972(b) and 28 U.S.C. § 1221. Inasmuch as the events enumerated in the Complaint have taken place in the Northern District of California, the parties allege that venue is properly placed in this Court.

## III. FACTS

ALLEGATIONS OF THE COMPLAINT

River Watch alleges Bay Area Diablo has violated various provisions of the RCRA and regulations adopted pursuant to the RCRA, as well as a number of California statutes which supplement the environmental protections implemented by the provisions of the RCRA. River Watch claims these violations have occurred at Bay Area Diablo's former underground storage tank ("UST") site located at 3575 Pacheco Boulevard in Martinez, California, as well as at the Brentwood Cardlock UST site, located at 8285 Brentwood Boulevard, Brentwood, California (hereafter "the Facilities").

River Watch served Bay Area Diablo with a Notice of Violations and Intent to File Suit under the Resource Conservation and Recovery Act on or about November 1, 2007, and filed the initial Complaint in this action on March 25, 2008. River Watch alleges that petroleum contamination was detected beneath the Facilities in approximately 1992 and again in 2004 (Martinez site), and in 1996 (Brentwood site) as the result of leaks in the USTs, piping systems, and/or surface spills. River Watch alleges such contamination violates regulations that have become effective pursuant to the RCRA, and that such contamination includes known carcinogens and/or reproductive toxins, either of which pose a risk of imminent and substantial endangerment to human health and/or to the environment. River Watch acknowledges that some remediation work may have occurred at the Facilities under the direction of local and state regulatory agencies, but it is unsatisfied with the nature and extent of the investigation and/or remediation.

River Watch requests a declaration that Bay Area Diablo, whether through its operations, leasing arrangements, or ownership of the Facilities or the real estate on which the Facilities are situated, has

violated the RCRA, and seeks civil penalties, fees and costs, and various injunctive relief or orders requiring Bay Area Diablo to conduct further investigations, remediate the Facilities without further delays, and refrain from any additional discharges of petroleum products and constituents at the Facilities.

## IV.   FACTUAL AND LEGAL ISSUES IN DISPUTE

Without waiving any rights or arguments as to any legal issues and defenses in this case, the parties submit that the following are some of the legal issues presented:

PLAINTIFF - RIVER WATCH

    a.   River Watch claims the actions and practices of Bay Area Diablo at the Facilities constitute ongoing violations of the RCRA.

    b.   River Watch alleges the Facilities present an imminent and substantial harm to public health and/or the environment.

    c.   River Watch claims Bay Area Diablo has been entirely unsuccessful in abating contamination at the Facilities.

    d.   River Watch claims its members have been, are being, or will be injured by Bay Area Diablo's violations of the RCRA as alleged in the Complaint filed in these proceedings.

DEFENDANT - BAY AREA DIABLO

    a.   Bay Area Diablo takes the position that

## V.   MOTIONS

River Watch filed a Motion for Entry of Default Judgment against Bay Area Diablo on July 23, 2008. The hearing on this Motion, in addition to the Motion for Attorney Fees and Costs, was originally set for December 17, 2008, but has, at the request of Bay Area Diablo, now been rescheduled for March 18, 2009.

The parties request that the Motion for Default remain on the Court's calendar for March 18, 2009.

In view of the current status of this case, the parties also request that the Case Management Conference now scheduled for January 5, 2009, be deferred, if necessary, until after the hearing on the Motion for Default.

1  Counsel for both parties met to discuss the resolution of this case on December 19, 2008. At
2 the present time there are on-going discussions towards resolving this case without the necessary of
3 further litigation.

4  River Watch does not anticipate filing any other pre-trial motions

### VI.  AMENDMENT OF PLEADINGS

6  River Watch does not anticipate adding any parties or claims in this action at this time.

### VII.  DISCLOSURES

8  The parties agree that Initial Disclosures pursuant to FRCP Rule 26(a) will be deferred until after
9 the Court's hearing on River Watch's Motion for Default, if necessary

### VIII.  DISCOVERY

11  The parties agree (and propose to the Court) that all pretrial discovery and other pretrial
12 proceedings, including pretrial motions of any sort, shall be mutually stayed. Such stay shall expire upon
13 forty-five (45) calendar days after the Meet and Confer which the parties have not as yet scheduled.

14  The parties agree to the following discovery plan:

15  Each side will submit no more than fifty (50) interrogatories. The last day to exchange expert
16 disclosure and expert witness reports shall be October 6, 2009, and the last day to exchange expert
17 rebuttal witness reports shall be November 17, 2009. Expert witness discovery shall be completed by
18 December 7, 2009.

### IX.  RELATED CASES

20  River Watch has been informed that an action against Bay Area Diablo filed by the Attorney
21 General's office may include the sites at issue herein, and is awaiting confirmation at this time.

### X.  RELIEF SOUGHT

23 1. DECLARATORY AND INJUNCTIVE RELIEF

24  River Watch requests this Court enjoin Bay Area Diablo from violating the RCRA and/or the
25 regulations pursuant to this statutory scheme; and, further requests injunctive relief requiring that Bay
26 Area Diablo:

27  (a) be enjoined from further discharging at the Facilities;

28

    (b) investigate and determine the extent of the alleged pollution and contamination at the Facilities and the means to remediate the alleged contamination; and,

    (c) fully remediate the ongoing contamination at the Facilities using the best available technology once adequately characterized and delineated.

2. <u>CIVIL PENALTIES</u>

River Watch requests the Court assess civil penalties against Bay Area Diablo pursuant to the penalty provisions as contained in the RCRA.

3. <u>ATTORNEYS' FEES AND COSTS</u>

River Watch requests the Court award costs, including reasonable attorney, expert, witness, and consultant fees, as authorized by the RCRA.

### XI. <u>SETTLEMENT AND ADR</u>

The parties have agreed to discuss the resolution of this matter, ADR options and plans, without the necessity of further litigation.

    River Watch has filed its ADR Certification

### XII. <u>CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES</u>

River Watch agrees to a magistrate judge for all purposes except trial. Bay Area Diablo has not yet so consented or opposed.

### XIII. <u>OTHER REFERENCES</u>

This matter is not suitable for reference to binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

### XIV. <u>EXPEDITED SCHEDULE</u>

The parties agree this is not the type of case which can be handled on an expedited basis with streamlined procedures. The parties have agreed to discuss the resolution of this matter with the necessity of further litigation.

### XV. <u>SCHEDULING</u>

In the event default judgment does not enter against Bay Area Diablo, the parties agree to the following proposed litigation schedule:

| | | |
|---|---|---|
| a. | Conclusion of pretrial discovery: | December 7, 2009 |
| b. | Last day to file summary judgment or dispositive motions: | January 11, 2010 |
| c. | Pretrial conference: | April 5, 2010 |
| d. | Trial: | April 19, 2010 |
| e. | Anticipated length of trial: | 3 court days  (if bench trial) |

### XVI.   TRIAL

The parties anticipate this case will be tried by the Court, with an expected length of 3 days.

### XVII.   DISCLOSURE OF NON-PARTY INTERESTED PERSONS

River Watch filed its Certificate of Interested Parties under L.R. 3-16 on November 28, 2007.

DATED: December 29, 2008         /s/ *Jack Silver*
                                 JACK SILVER
                                 Attorney for Plaintiff
                                 NORTHERN CALIFORNIA RIVER WATCH

### ~~[PROPOSED]~~ CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order are hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

In addition, it is hereby ORDERED that the Case Management Conference scheduled for January 5, 2009, be continued to Monday   March 23   , 2009 at 4:00 p.m. in Courtroom G.

DATED: January 5, 2009

HON. BERNARD ZIMMERMAN
U.S. DISTRICT COURT JUDGE